IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY L. PAUL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 06-796 |
| ) | |
| COCO-COLA ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Pending before the Court is a Motion to Dismiss or, Alternatively, to Substitute filed by Defendant Coca-Cola Enterprises, Inc. ("Defendant") in the above-captioned sex discrimination lawsuit, seeking to dismiss Plaintiff's claims or, alternatively, to substitute Plaintiff's bankruptcy trustee as plaintiff on the grounds that Plaintiff lacks standing. (Docket No. 26.) For the reasons set forth below, Defendant's Motion to Dismiss is denied and Defendant's alternative Motion to Substitute is granted.

On June 15, 2006, Plaintiff filed the instant lawsuit claiming that Defendant unlawfully terminated her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania

1

Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951, *et seq.* On August 2, 2006, Plaintiff and her husband filed a joint Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. Robert Shearer was appointed as trustee of the bankruptcy estate. As required by 11 U.S.C. § 521(1), Plaintiff and her husband completed a Statement of Financial Affairs and Schedules of Assets and Liabilities. Although Plaintiff did not specifically list the instant lawsuit on these schedules, she did list the preceding Charge of Discrimination she filed with the Equal Employment Opportunity Commission, and described it as "pending." See Def.'s Mot. (Docket No. 26), Ex. 2. Further, the trustee has acknowledged that he understands that, prior to the petition date, the claim was filed as a civil action in this court. See id., Ex. 5.

Defendant has filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 17 on the ground that Plaintiff is not the real party in interest and, thus, lacks standing to prosecute this action. In particular, Defendant argues that Plaintiff's lawsuit is property of the bankruptcy estate and, therefore, may be prosecuted only by the trustee on behalf of the estate.

It is well-settled that the commencement of a Chapter 7 bankruptcy case requires a debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Supreme Court has held that section 541(a) must be construed broadly with respect to what constitutes property of the estate. United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983). Courts also uniformly have held that "the broad scope of § 541

2

encompasses causes of action existing at the time the bankruptcy action commences," including claims for employment discrimination. Anderson v. Acme Markets, Inc., 287 B.R. 624, 629 (E.D. Pa. 2002); see also, e.g., Cain v. Hyatt, 101 B.R. 440, 441-42 (E.D. Pa. 1989) (citing cases); Bickford v. Ponce De Leon Care Ctr., 918 F. Supp. 377, 378 (M.D. Fla. 1996). Thus, Plaintiff's sex discrimination cause of action, which plainly existed at the time she filed for bankruptcy, is property of Plaintiff's estate.

The bankruptcy code provides that a Chapter 7 trustee is the sole representative of the estate. 11 U.S.C. § 323(a); see also id. § 323(b) (it is the trustee who "has the capacity to sue and be sued"). Accordingly, after a trustee is appointed, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Rather, "[o]nly the trustee . . . has the authority to prosecute and/or settle such causes of action." Anderson, 287 B.R. at 628 (quoting Cain, 101 B.R. at 442); see also, e.g., Stramiello-Yednak v. Perl, No. Civ. A. 05-517, 2006 WL 1158123, at *2 (W.D. Pa. Apr. 28, 2006); Estel v. Bigelow Mgmt., Inc., 323 B.R. 918, 924 (E.D. Tex. 2005); Byrd v. Potter, 306 B.R. 559, 562 (N.D. Miss. 2002); Harris v. St. Louis Univ., 114 B.R. 647, 649 (E.D. Mo. 1990); In re Carson, 82 B.R. 847, 851 (Bankr. S.D. Ohio 1987). Because Plaintiff's cause of action is part of the bankruptcy estate, and has not been abandoned by the trustee,[1] I hold

---

[1] 11 U.S.C. § 554 sets forth the procedures by which a trustee may abandon, or the bankruptcy court may order the trustee to abandon, any property of the estate to the debtor. Plaintiff does not argue that the trustee has abandoned this claim and there is nothing in the record to support a finding of abandonment. Indeed, in February 2007, the trustee filed a bankruptcy motion to employ Plaintiff's counsel in the instant case, Joel Sansone, to act as special counsel to the estate with respect to this lawsuit. Def.'s Mot., Ex. 5. To the extent the trustee's affidavit attached to Plaintiff's opposition brief reflects an intent to abandon this claim, such affidavit does not satisfy the requirements of section 554. I further note that the bankruptcy court docket reflects that an Order Discharging Debtor was entered on April 27, 2007 (after Defendant

Plaintiff is not the real party in interest and that only the trustee in bankruptcy, as sole representative of Plaintiff's estate, has the authority to pursue the instant lawsuit.  See Fed. R. Civ. P. 17(a).

Plaintiff's arguments in opposition are unpersuasive.  First, Plaintiff argues that Defendant's motion must be denied because it rests on the assumption that Plaintiff failed to disclose this lawsuit in her bankruptcy petition.  I disagree.  The above principles regarding standing apply regardless of whether the asset in question is disclosed or undisclosed.  Thus, whether or not Plaintiff properly scheduled the instant claim is immaterial.[2]

Second, Plaintiff argues that she is the real party in interest with respect to any potential recovery amount exceeding the amount required to satisfy the bankruptcy estate, as well as with respect to any equitable relief sought, including front pay, back pay, and reinstatement.  Again, I disagree.  As an initial matter, Plaintiff cites no authority whatsoever to support her claim that she retains standing simply because her recovery may exceed her debts, and the above-cited authorities suggest that this is not the case.  Cf. In re Degenaars, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001) (trustee succeeds to all causes of action held by a debtor at the

---

filed this motion but prior to Plaintiff's response and Defendant's reply brief).  Neither party has addressed the effect of this discharge, if any, on the instant Motion.  There is no indication in the bankruptcy docket that Plaintiff's bankruptcy case has been closed.

[2] I also disagree that Defendant has waived its right to raise the standing issue by failing to raise it in its previously filed Answer to Plaintiff's Complaint.  Plaintiff has not cited any authority in support of her proposition that the merger and consolidation rule set forth in Federal Rule of Civil Procedure 12(g)-(h) applies to motions under Rule 17.  In addition, there is no indication that Defendant had any reason to suspect at the time it filed its answer that Plaintiff had filed for bankruptcy.

time the bankruptcy petition is filed and has sole authority to move for court approval of a settlement; debtor may object to proposed settlement if debtor stands to receive a refund once creditors are paid, and debtor feels settlement is too low). The well-reasoned case law addressing the issue likewise holds that claims for lost post-petition earnings, including front pay and back pay, are part of the bankruptcy estate and do not fall within the earnings exemption set forth in 11 U.S.C. § 541(a)(6). See, e.g., In re Ballard, 238 B.R. 610, 624 (Bankr. M.D. La. 1999) ("The cause of action for lost post-petition wages is itself a pre-petition interest in property."); In re Williams, 197 B.R. 398, 402 (M.D. Ga. 1996); In re Carson, 82 B.R. at 852.[3] Finally, the only cases Plaintiff cites with respect to her interest in reinstatement are judicial estoppel cases involving plaintiffs who did not disclose their discrimination causes of action during the bankruptcy and then attempted to bring the claims in their own right after the bankruptcy had closed. Plaintiff has not cited any case law in support of her proposition that she should be permitted to proceed as a co-plaintiff with respect to her reinstatement request where her claim has been disclosed and the bankruptcy is still pending.

Third, Plaintiff suggests that substitution of the trustee is inappropriate because the trustee has no authority to settle the case. Rather, the trustee would have to submit any settlement proposal to the bankruptcy court for approval. This

---

[3] The sole case Plaintiff cites in support of her position, Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, Civ. A. No. 06-183, 2006 WL 1410045 (E.D. Pa. May 22, 2006), is unpersuasive. Castillo is an unpublished lower court decision, and, thus, is not binding on this Court. Moreover, I agree with Defendant that Castillo misinterprets the earnings exception set forth in Section 541(a)(6) of the Bankruptcy Code. The authorities cited in the main text above illustrate the more accurate reading of the statute.

fact is immaterial.  As set forth above, <u>any</u> settlement of this action would require bankruptcy court approval and, indeed, only the trustee can seek such approval of a settlement.  <u>See</u> <u>In re DeGenaars</u>, 261 B.R. at 319; Fed. R. Bankr. P. 9019.

In sum, I find that Plaintiff's instant cause of action is included in the bankruptcy estate and, therefore may be pursued only by the Trustee.  I disagree with Defendant, however, that this finding requires me to dismiss Plaintiff's complaint.  Rather, Federal Rule of Civil Procedure 17(a) states, in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Accordingly, I find that substitution of Robert Shearer, as Trustee of the Estate of Frank A. and Amy L. Paul, as Plaintiff for Amy L. Paul, is the proper course of action.

<u>*****************************************</u>

### ORDER OF COURT

AND NOW, this **15th** day of May, 2007, it is ORDERED that Defendant's Motion to Dismiss (Docket No. 26) is DENIED.  It is FURTHER ORDERED that Defendant's alternative Motion to Substitute (Docket No. 26) is GRANTED and that Robert Shearer,

as Trustee of the Estate of Frank A. and Amy L. Paul, is substituted as Plaintiff for Amy L. Paul.  The Clerk of Court is directed to change the caption of the case accordingly.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge